UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TRUJILLO, | 1:13-cv-00363-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO OBEY COURT ORDER (Doc. 8.) |
| vs. | |
| M. STAINER, et al., | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | |

Samuel Trujillo ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 13, 2013. (Doc. 1.) On March 29, 2013, Plaintiff consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) ), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On November 19, 2014, the Court issued an order requiring Plaintiff to file an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by the court, within thirty days. (Doc. 8.) The thirty day period has now expired, and Plaintiff has not filed an amended complaint, filed a notice, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 13, 2013.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by litigating his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint or notify the court that he is willing to proceed that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

///

///

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. This case is DISMISSED without prejudice, based on Plaintiff's failure to obey the Court's order of November 19, 2014; and

2. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **December 30, 2014**                    **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE